Fisher v. Merwin.

a wrongful conversion of it, and maintain an action of trover for its value. *Stearns* v. *Marsh*, 4 Denio 227. The papers submitted show that this is such an action.

Therefore, the motion to vacate the order of arrest must be denied.

From the order denying the motion, the defendant appealed to the General Term.

*Buckham, Van Cott & Bangs*, for appellants.

*Abbott & Fuller*, for respondent.

---

FISHER v. MERWIN *and* BRAY.

Where a vendor, at the time of the sale, agrees, that if the goods when delivare inferior to the sample, they may be exchanged, it is a conditional sale, and the inferiority of the goods is no defence to an action for the price. The vendee should, on discovering the quality of the goods, tender them back to the vendor, or at least notify him of the defect; and failing to do so, he is estopped from denying their value.

This action was brought to recover the price of certain pistols sold by the plaintiff to the defendants. The defendants set up; First, that the sale was by samples, and that the pistols delivered were inferior to the samples, and Secondly, that the

Fisher v. Merwin.

sale was brought about by false representations of the vendor. On the trial, it appeared that the defendants had examined the samples, and had been informed by the plaintiff, that he, the plaintiff, was no judge of pistols; that they were represented to plaintiff as good, and if they were not equal to the samples, could be exchanged, and that a portion of the pistols had, under this sale, been actually exchanged. Evidence of the inferiority of the pistols was offered, and also evidence to show false representations on the part of the plaintiff. The evidence was excluded, and judgment given for plaintiff.

From this judgment the defendant appealed.

By the Court.—Brady, J.—The defendants urged as defences in this case : First, that the sale was by samples, and that the pistols delivered were inferior to the samples; Secondly, that the sale was accomplished by false representations as to the cost of the pistols. The plaintiff testified that the defendants examined the samples, that he said he supposed the rest were like them, that he told them he was no judge, but that the pistols were represented to him as good and merchantable, and if not so, could be exchanged. The defendants did not deny these statements of the plaintiff. The defendant Merwin did not deny that the pistols to be delivered could be exchanged, if not equal to the sample. On the evidence therefore the sale was a conditional one, the defendants having the right to exchange any of the pistols not equal to the sample. For this reason, the first defence interposed failed, and the questions excluded relating to it were properly rejected. It may be said in addition and as corroborative of the plaintiff's statement, that the defendants did exchange some of the pistols delivered, but made no offer to exchange the lot for the price of which this action was brought. The evidence of the defendant, Merwin, also shows, that the purchase was based upon the quality of the pistols as shown by the samples, and not upon the representation of the plaintiff as to the cost of them. He does not state that he was induced to give the price named by the representation of the plaintiff as to the cost of the pistols, but said, " plaintiff showed me a sample of

---

Magnum v. Farrington.

---

pistols, which was a very good one. I said if they were equal to the sample I would take the lot." For this reason, I think the questions which related to that defence were properly excluded. The plaintiff agreed to exchange the pistols if not equal to the sample, and the defendant agreed to purchase if the pistols to be delivered were like the sample shown. The plaintiff made no warranty and the defendant a conditional agreement. The plaintiff's statement is not denied, and the defendant was not bound to accept. The defendant was bound to return the goods in such a case or notify the plaintiff of the alleged defect, which he did not do. For these reasons the judgment should be affirmed.